## Case No. 9,540.

MILBOURNE et al. v. The DANIEL AUGUSTA.

VICKERS et al. v. SAME.

[3 Hughes (1880) 464.] [1]

Circuit Court, D. Maryland.

MARITIME LIENS—STATUTORY—DOMESTIC VESSEL —MATERIAL AND SUPPLIES.

The work, material, and supplies are, and what are not, liens upon a domestic vessel under the law of Maryland and the decision of the United States supreme court in the Lottawanna Case.

[Appeal from the district court of the United States for the district of Maryland.

[These were libels by Charles D. Milbourne and William McGee against the schooner Daniel Augusta, and by William H. Vickers and William J. Carrol against the same, for supplies furnished the respondent.]

BOND, Circuit Judge. These are two libels, filed by citizens of Maryland, to enforce a statutory lien, given by section 44 of article 61 of the Maryland Code of Public Laws, against a domestic vessel in a home port. The section is as follows: "All boats or vessels of any kind whatsoever used or intended to be used on the waters of the Chesapeake Bay and its tributaries, the Chesapeake and Ohio canal, and other waters of this state as carriers of freight or passengers, and all other boats or vessels belonging in this state, shall be subject to a lien and bound for the payment thereof as preferred debt for all debts due to boatbuilders, mechanics, merchants, farmers, or other persons, from the owners, masters or captains, or other agents of such boats or vessels for materials furnished or work done in the building, repairing, or equipping the same."

---

[1] [Reported by Hon. Robert W. Hughes, District Judge, and here reprinted by permission.]

The first libel claims to have a lien under this section of the Code for repairing and furnishing the materials to repair a new topsail, mainsail, foresail, and jib, and for a large amount of rope and tackle furnished for the schooner's use and repair. The requirements of the Code of Maryland relating to the manner of acquiring a lien of this kind have all been complied with. There was a mortgage on the schooner properly recorded, amounting to one thousand dollars without interest.

We can see no reason why the decree of the district court which held the schooner responsible for the repairs and materials furnished by the libellants, should not be affirmed. The materials furnished went into and became a part of the schooner. The work and labor charged for were done in working the new material into the schooner. Since the case of The Lottawanna, 21 Wall. [88 U. S.] 558, there can be no doubt of the power of the court of admiralty to enforce a lien given by a state statute upon a domestic vessel in a home port. The debt set out in the libel is within the words of the Maryland statute. It is due to a "mechanic" and "merchant," and is for "materials furnished" and "work done," in "repairing" and "equipping" the schooner.

The second libel is for groceries furnished to the schooner. There is no dispute about the account. The only question is whether or not there can be a lien under the Maryland statute for supplies furnished to a domestic ship in her home port. In the Code of Maryland this lien is found under the title "Mechanic's Lien." Originally mechanics alone were protected under it, but from time to time its scope has been widened until now its terms, as we see from its recital above, embrace boatbuilders, mechanics, merchants, farmers, or other persons. Still the idea of the law that the lien should be for something which tended to increase or create the rem upon which the lien attached has been preserved. For though the lien is given not only to mechanics and material men, but to other persons, it is only so given for materials furnished or work done in building, repairing or equipping the vessel. The lien will cut out a mortgage, though prior in date, if unrecorded, and justly, for the theory of the law is that the mechanic or material man, has added something by goods furnished or work done on the vessel, which the mortgage did not embrace, for they were not there when it was executed. The articles mentioned in the libel in this case are not materials furnished in repairing or building the ship. They are supplies furnished her crew. They never became a part of the rem upon which the libel is laid. They are no part of the equipments of the ship, for the word "equipment" refers only to something in her which goes to make her a complete ship qua ship, and not to that which is necessary to the comfort and support of the crew. A ship is fully equipped when she floats complete as a ship

without a crew, to say nothing of what they are to eat. A soldier is fully equipped as a soldier when he has his clothing and arms. His haversack, which is part of his equipment, may have no rations in it. The water cask of this schooner was a part of her equipment. It was part of her. The water in it was part of her supplies, not her equipment. For these reasons we think the decree of the district court in this case should be reversed.

Decrees will be signed in accordance with this opinion.